# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BONNIE JEAN HIXSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 13-957 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| STATE FARM MUTUAL | ) | |
| AUTOMOBILE INSURANCE | ) | |
| COMPANY, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

### I. MEMORANDUM

For the reasons stated below, Plaintiff's Motion to Remand (Doc. 4) will be granted.

**BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Bonnie Jean Hixson ("Plaintiff"), as Executrix of the Estate of David H. Cochenour, Sr., filed a complaint for Declaratory Judgment against Defendant State Farm Mutual Automobile Insurance Company ("State Farm") in the Court of Common Pleas of Allegheny County, on June 12, 2013. The complaint sought a declaration that the decedent's combined stacked underinsured motorist limits totaled $250,000. Compl. (Doc. 1-2) at ¶ 35.

State Farm filed a Notice of Removal (Doc. 1) on July 5, 2013, on the grounds of diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff subsequently filed the instant Motion to Remand (Doc. 4), arguing that the Court should exercise its discretion under the Declaratory Judgment Act, 28 U.S.C. § 2201, to decline jurisdiction and remand the action to state court.

**ANALYSIS**

The Declaratory Judgment Act, 28 U.S.C. § 2201, ("The Act"), provides that a court, "upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of

any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995). When faced with an action under the Act, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Id. at 288.

"The desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." State Auto Ins. Cos. v. Summy, 234 F.3d 131, 136 (3d Cir. 2000). In actions involving insurance coverage issues, the Third Circuit, in Summy, noted several factors relevant to determining whether to exercise jurisdiction under the Act, including: "(1) A general policy of restraint when the same issues are pending in a state court; (2) An inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and (3) Avoidance of duplicative litigation." Id. at 134. Further, the Third Circuit noted that "district courts should give serious consideration," especially in insurance coverage cases, to the fact that they "do not establish state law, but are limited to predicting it." Id. at 135.

Here, Plaintiff seeks a declaration that the combined stacked underinsured motorist ("UIM") coverage in the decedent's insurance policies amounted to $250,000. Compl. at ¶ 35. In making this determination, the Court would need to examine whether there was a valid enforceable writing requesting lower UIM limits. See id. at ¶ 31. This issue solely involves an interpretation of the Pennsylvania Motor Vehicle Financial Responsibility Law, and has no

relation to, or effect on, any federal law or right. Hence, this case has "no special call on the federal forum." Summy, 234 F.3d at 136.

State Farm argues that the Court should not remand the case because there are no pending issues in state court, no conflict of interest regarding a duty to defend, and no duplicative litigation. Def.'s Resp. (Doc. 5) at ¶ 10. However, courts have held that the existence of an ongoing state proceeding is simply a factor to be weighed in the analysis, and is not a prerequisite to the Court's exercise of jurisdiction. See, e.g., Allstate Ins. Co. v. Seelye, 198 F. Supp.2d 629, 631-32 (W.D. Pa. 2002) (finding that a fair reading of Summy indicates that a parallel state proceeding is "but one factor a district court should consider"); Allstate Property and Cas. Ins. Co. v. Owens, Civ. No. 11-4, 2011 WL 94412, at *5 (W.D. Pa. Jan. 11, 2011); Dixon v. Progressive N. Ins. Co., No. 02:08cv1010, 2008 WL 4072816, at *6-7 (W.D. Pa. Aug. 27, 2008). The Court finds no reason to depart from these decisions, and therefore, the absence of a parallel state proceeding does not require, or convince, this Court to exercise jurisdiction. Instead, this factor is far outweighed by the absence of any federal interests implicated by this case.

Further, there are other factors present that weigh in favor of remand. For example, a party's objection to the federal forum, which is clearly present here, weighs in favor of remanding an action to state court. Summy, 234 F.3d at 136. In addition, State Farm asserts that federal district court cases, rather than state court cases, provide the most guidance for the issues presented in this case. Def.'s Resp. at ¶ 7. The Court finds that this assertion would actually weigh in favor of remand, since federal courts should be "particularly reluctant" to exercise jurisdiction when "applicable state law is uncertain or undetermined." Summy, 234 F.3d at 135.

In conclusion, because this declaratory judgment action involves only interpretations of Pennsylvania law, and Plaintiff objects to this court's exercise of jurisdiction, the Court finds that state court is the more appropriate forum. Accordingly, the Court will decline to exercise jurisdiction under the Act and will remand the case to the Court of Common Pleas of Allegheny County for adjudication.

## II. ORDER

For the reasons stated above, the Court hereby orders that Plaintiff's Motion for to Remand (Doc. 4) is **GRANTED**. This action is hereby **REMANDED FORTHWITH** to the Court of Common Pleas of Allegheny County, Pennsylvania (GD 13-011216).

IT IS SO ORDERED.


January 16, 2014                              s\Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge

cc (via ECF email notification):

All Counsel of Record